**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Jay L. Neeper</u>

    v.                                       Case No. 21-cv-759-SM

<u>Warden, New Hampshire</u>
<u>State Prison</u>

### Report and Recommendation

Jay L. Neeper, an inmate at the New Hampshire State Prison and proceeding in forma pauperis, filed a petition under 28 U.S.C. § 2254, seeking to vacate his state conviction. <u>See</u> <u>State v. Neeper</u>, 160 N.H. 11 (2010). In the petition, Neeper states that he is in the process of exhausting state remedies, and asks the court to stay his petition while he completes the exhaustion process. Doc. no. 1. He refiled the petition, which was construed as a motion for a stay. Doc. no. 2. The petition and motion are subject to preliminary review to determine whether or not the claims are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases.

### Discussion

Neeper is correct that before proceeding under § 2254, he is required to show that he has exhausted the remedies available to him in state court or show that state processes are unavailable. 28 U.S.C. § 2254(b)(1); <u>Rhines v. Weber</u>, 544 U.S. 269, 273 (2005). Neeper acknowledges that he is in the process

of exhausting state court remedies.  He identifies no claims for purposes of his present motion.[1]  As such, Neeper has presented no claims, exhausted or unexhausted, in his current petition.

In addition, Neeper previously filed a § 2254 petition that was denied.  Neeper v. Gerry, 2011 U. S. Dist. LEXIS 121183, at *2 (D.N.H. Oct. 18, 2011).  If he intends to present the same claim in this action, that claim would be denied.  28 U.S.C. § 2244(b)(1).  If he intends to present different claims, he must meet the requirements for doing so.  § 2254(b)(2).

Further, although the court may stay action on a § 2254 petition to allow the petitioner to exhaust state court remedies, the petitioner must make the necessary showing for a stay.  Id. at 277.  A petitioner must demonstrate that good cause exists for his failure to exhaust the claims previously and that his unexhausted claims are meritorious.  Id.  Any stay must be cabined within reasonable time limits.  Id. at 278.

Neeper has not alleged any claims in support of his petition.  In the absence of any claims alleged in his petition, the court cannot review the claims under the § 2254 standards or the standard for granting a stay.  As a result, the petition

---

[1] Although Neeper states that he intends to raise "a former Double jeopardy issue" in state court, he provides no other allegations or information about that claim.

does not present facially valid claims that can proceed in this action, and the petition should be dismissed.

## Conclusion

For the foregoing reasons, the district court should dismiss the petition (doc. no. 1) and deny the motion to stay (doc. no. 2) without prejudice to Neeper to file an appropriate and properly supported petition.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 21, 2022

cc: Jay L. Neeper, pro se